1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re:                                          No. C 12-2802 SI (pr)

ERIC LIGHTER,                                   **ORDER OF DISMISSAL**

          Plaintiff/Petitioner.

_____/

     A criminal case against Eric Lighter is now pending before Judge Davila.  *See United States v. Lighter*, No. CR 05-215 EJD.  Lighter soon will be sentenced in that case.  Although represented by counsel in the criminal case, Lighter apparently filed many documents *pro se* in it.  *See* Docket # 310 in Case No. CR 05-215 EJD (order stating that "the court has not and will not consider Defendant's pro se filings unless and until an appropriate reason to do so is presented.")

     Eric Lighter commenced this action by filing a "Presentment Request," in which he asked for a grand jury investigation of the criminal prosecution against him.  Since then, Lighter has filed numerous addenda to his "Presentment Request," describing things he dislikes about the IRS and the United States Attorney's office, and things he wants the grand jury to investigate or remedy.

     A "presentment" is something the grand jury prepares, and is not something one does to a grand jury.  "A grand-jury initiated charge [is] a 'presentment,' while an 'indictment' [is] prepared by the prosecutor and laid before the jury." *United States v. Navarro-Vargas*, 408 F.3d 1184, 1190 (9th Cir. 2005) (citing 4 William Blackstone, Commentaries 298-307 (1769) ("'A presentment, *properly* speaking, is the notice taken by a grand jury of any offence from their own knowledge or observation, without any bill of indictment laid before them at the suit of the king."), *reprinted in* 5 The Founders' Constitution 251 (P. Kurland & R. Lerner, eds. 1987)).  In

modern times, "[g]rand juries and prosecutors serve as a check on one another."  *Navarro-Vargas*, 408 F.3d at 1200.

> The grand jury, acting on its own information, may return a presentment, may request that the prosecutor prepare an indictment, or may review an indictment submitted by the prosecutor.  The prosecutor has no obligation to prosecute the presentment, to sign the return of an indictment, or even to prosecute an indictment properly returned. . . .  Similarly, the grand jury has no obligation to prepare a presentment or to return an indictment drafted by the prosecutor.  The grand jury thus determines not only whether probable cause exists, but also whether to 'charge a greater offense or a lesser offense; numerous counts or a single count; and perhaps most significant of all, a capital offense or a noncapital offense–all on the basis of the same facts.'  . . . And, significantly, the grand jury may refuse to return an indictment even 'where a conviction can be obtained'.

*Id.* (citations omitted).  Notably absent from this description is any role for the interested outsider who wants to make a presentation to the grand jury.

Federal courts have the power and the duty to raise the issue of standing sua sponte and to dismiss the action if standing is wanting.  *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002).  The standing requirement derives from Article III, Section 2 of the United States Constitution, which restricts adjudication in federal courts to "Cases" and "Controversies."  *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982).  Article III standing is present only when (1) a plaintiff suffers a concrete, particularized injury which is actual or imminent; (2) there is a causal connection between the injury and the conduct complained of; and (3) the injury will likely be redressed by a favorable decision.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

A private individual does not have Article III standing to compel the grand jury to consider evidence.  *See Sargeant v. Dixon*, 130 F.3d 1067 (D. D.C. 1997).  The *Sargeant* petitioner, like Lighter, had been convicted and wanted to present to a grand jury information relating to crimes allegedly committed by the prosecutors.  The *Sargeant* court concluded that the petitioner had no standing under Article III to assert his petition for writ of mandamus because an individual's interests in the prosecution of government officials and seeing that the laws are enforced "are not legally cognizable within the framework of Article III."  *Id.* at 1069.  The *Sargeant* court also rejected the argument that the petitioner had a legally protected interest in merely being heard by the grand jury.  *Id.* at 1070.  The court explained that the right to be

1   heard was a procedural protection that did not exist "as an end in itself." *Id.* A right to be heard

2   would only exist if there was an underlying property or liberty interest that gave one a right to

3   due process, and there wasn't such an interest in grand jury proceedings. *See id.*

4          This court finds the reasoning in *Sargeant* convincing. Lighter has no Article III standing

5   to present evidence to the grand jury. He has no right to be heard by the grand jury as an end

6   to itself. And he has not identified any underlying property or liberty interest in the grand jury

7   proceedings as to which procedural due process protections (such as an opportunity to be heard)

8   would attach. Most notably, Lighter has no legal right to initiate or prosecute a criminal charge.

9   *See generally Navarro-Vargas*, 408 F.3d at 1200; *see also United States v. Batchelder*, 442 U.S.

10  114, 124 (1979) ("whether to prosecute and what charge to file or bring before a grand jury are

11  decisions that generally rest in the prosecutor's discretion.")

12         Lighter has no standing under Article III to obtain the relief he seeks. Lack of Article III

13  standing requires dismissal for lack of subject matter jurisdiction. *See Maya v. Centex Corp.*,

14  658 F.3d 1060, 1067 (9th Cir. 2011). Accordingly, this action is dismissed for lack of subject

15  matter jurisdiction.

16         The clerk shall close the file.

17         IT IS SO ORDERED.

18  Dated: July 18, 2012

                                        _____
19                                             SUSAN ILLSTON
                                           United States District Judge

20

21

22

23

24

25

26

27

28

3