ERIC LIGHTER
12010880/EBN727
SANTA CLARA MAIN JAIL #242E
885 N. SAN PEDRO ST.
SAN JOSE, CA 95110


FILED
AUG 27 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

U.S. GRAND JURIES ("GJ")

U.S. DISTRICT COURT ("USDC")

NORTHERN DISTRICT OF CALIFORNIA ("NDCA")

In re: KENNETH BONANO, et al.  ) CV12-2802 SI (PR)   ADDENDUM TO RESPONSE TO
aka In re: Lighter                          ) (GJ Case No. 2)
WILLIAMS v. HAAG, et al.          ) CV12-3310 SI (PR)   ORDER OF DISMISSAL

TO: FOREPERSON OF MOST RECENTLY EMPANELED GJ FOR NDCA, the herein to be
    delivered by NDCA GJ clerk.

ADDENDUM TO ORDER OF DISMISSAL

COMES NOW, ERIC LIGHTER, pro se ("Lighter") and hereby submits the following Addendum to 7-26-2012 Response to Order, filed 7-18-2012 ("Order") and 7-18-2012 Judgment therefore, both received 7-24-2012.

1. Said Response to Order, add to footnote no.1 on page 4, ", confession never got to GJ, and Williams still has his legs.".

2. CONFESSIONS

The history of law can be divided into two parts, firstly the confessional stage, and then adversarial stage. Confessions began with God granting the confession as a free will gift/obligation from man to God, including the world's first thought crime, "Thou shalt not covet." In law, the confession is to the "crown", God's representative. For thousands of years, the goal of law was to resolve charges with a confession, and that is why until recently in the Western world, torture was legal since the goal was a confession however derived; and why torture is still used elsewhere. In modern times, the adversarial system uses the process that allows for a defense by the accused; but an accepted confession still resolves the matter. The Article III Court can not resolve any felony matter without the Grand Juries signing either an indictment or presentment. A confession to the

-1-

Grand Juries must therefore be responded to by a Grand Jury, and not the Court, especially a confession which is the sole property of the Grand Juries such as is Lighter's confession. Moreover, the AUSA caused Lighter's wrongful remand but the Court is perpetrating same, and it is a form of torture attempting to force Lighter to confess to the false results in U.S. v. Lighter, and to stop confessing to the truths of Lighter's herein tampered with confession. Releasing Lighter will at least stop the torture.

Once the Grand Juries are ordered as "duly empaneled" they receive the "crown", which they later pass on to the Article III Court, but until then the and/or the Court are herein "stealing" the property of the Grand Juries, ie: charges, confession and bonding. The "crown" is passed on to the Court① with the signing of an indictment or presentment whether accepted by the prosecutor or not, especially if there is a confession such as in the instant case. Proof of the seriousness of Lighter's confession is that the therein charge of felony threat(s) by AUSA against Lighter resulted in the removal of Lighter's attorney by the Court, as said attorney filed a material witness conflict declaration therefore. There are other proofs as well.

Regarding Lighter's wrongful remand, proof the AUSA lied to cause same can be seen,

a. the purportedly offending 12-26-2011 letter could not be a "transaction", a falsehood invented by the AUSA, and was merely a rent proposal for a corporation as all parties now agree, and the actual transaction occurred 7-14-2012 for different rent terms, which terms also bond the Grand Juries, U.S. v. Cermak, et al., 1:12-cv-00603-CL, USDC, OR-Med,

b. the other reasons given herein, ie. order being impossible, void, confusing and/or not physically delivered to Lighter,

1. Lighter never got a copy of the 12-21-2011 order from his prior

① conditionally, see below

-2-

counsel, and did not have a copy when the 12-26-2011 letter was sent.
2. Lighter's former counsel refused to communicate with Lighter from about 12-22-2011 on, as documented in Lighter's mid-January 2012 letter to Judge Davila asking for new counsel.
3. Said 12-21-2011 Order wrongly and impossibly states that Lighter's gov't. advisor was Probation instead of U.S. Pretrial Services, despite Lighter having no Probation person assigned. Lighter sought advice on the 12-26-2011 letter but no one would or could advise him.
4. The 12-21-2011 order is in other ways confusing and unclear.
5. The 12-21-2011 order is thus at least void in part, and thus so is the remand order.
6. The AUSA knew that the mid-January 2012 Richardson letter, responding to said 12-26-2011 letter, was fraudulent because the gov't. had joined Richardson's $2 million tax evasion scheme, see the record herein, in U.S. v. Lighter, and U.S. v. Cermak, et al.

Even the Court stands when the trial jury enters the courtroom, as they are an independent body like the Grand Jury (which is more so).

Lighter hereby pledges, effective 7-14-2012, the 10% of claims of Lawrence Williams assigned to Lighter via Bill of Sale dated 7-14-2012, attached to said 7-14-2012 Response to Order, to be split between Honorable Judge EJ Davila and Honorable Judge Susan Illston for bonding the Grand Juries' costs of investigating the herein and related matters; specifically the NDCA Grand Juries in San Jose and San Francisco respectively; "pledge" defined as revocable assignment.

Pre-trial, the Court ordered Lighter to stop whistleblowing reporting, before Lighter could report all the felonies, especially by Bonano, et al. The Court even ordered Lighter to stop filing returns despite the IRS/Bonano refusing to process many returns.

During trial, the Court refused to allow Lighter to testify on the details of the IRS retaliation scheme against Lighter.

Post-trial, the gov't. overtly acted in display of its "partnership" with the $2 million tax evasion scheme, including when it endorsed the mid-January 2012 letter from Richardson despite knowing said letter was fraudulent. Said letter claimed Richardson owned the Oregon property and its rents. The gov't. used that letter in order to wrongly remand Lighter despite less than one month after the remand hearing the gov't. sued on facts opposite the false statements by Richardson since in truth, Lighter, et al. owned the property and rents. Even now, Richardson, et al. are not being prosecuted, only victimized, tortured Lighter, U.S. v. Cermak, et al.

See docket item nos. 195 and 252 for further Lighter testimony and details by Lighter, in U.S. v. Lighter.

When the Grand Juries deliver a signed presentment or indictment to the Article III court, it passes to the court its "crown" of authority, but only conditionally. Fraud in the inducement of a presentment or indictment, either by the prosecutor or the Court, refreshes the jurisdiction of the Grand Juries since the Grand Juries alone have jurisdiction over felonies; especially felonies against the Grand Juries. Lighter's confession concerns felonies against Grand Juries in NDCA and thus the AUSA and the Court are under Grand Jury jurisdiction therefore, although other felonies in Lighter's confession are also being blocked and tampered with. Said U.S. v. Lighter, CR NO. 05-215-EJD, must be dismissed for cause, including torture, hate crime and tax fraud by IRS.

DATED: JULY 29, 2012.

*Eric Lighter*

ERIC LIGHTER

-4-

4

MEMO

TO: HON. WILLIAM ALSUP

HON. SUSAN ILLSTON

FROM: ERIC LIGHTER

DATE: 7-29-2011

RE: CV12-2802-SI, Inre Bonano, aka Inre Eric Lighter

Please share the enclosed and the have it filed, copy to me in the enclosed, addressed/stamped envelope.

Thank you

ERIC LIGHTER

ERIC LIGHTER
12010880/EBV727
SANTA CLARA MAIN JAIL #292E
885 N. SAN PEDRO ST.
SAN JOSE, CA 95110

LEGAL MAIL

County Jail Generated Inmate Mail

HONORABLE JUDGE WILLIAM ALSUP
U.S. DISTRICT COURT
450 GOLDEN GATE AVE.
SAN FRANCISCO, CA 94102

